UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 23 2019 ★

LONG ISLAND OFFICE

----------------------------------X

UNITED STATES OF AMERICA

– against –

ERIC DETELJ,

      Defendant.

----------------------------------X

ORDER
17 CR 0667 (JFB)

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

By sealed letter dated April 30, 2019, counsel for defendant Eric Detelj requests early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).[1] The Court has not received any opposition from the government. Defense counsel states in the letter that the Probation Department has no objection to the application, and the U.S. Attorney's Office takes no position. For the reasons set forth below, the request is granted and his supervision is terminated.

Under 18 U.S.C. § 3583(e), a district court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *see, e.g., United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (requiring court to consider § 3553(a) factors, "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release"). The district court is not required to make specific findings of

---

[1] Although the Court will allow the defendant's letter to be filed under seal because of the details about the defendant's medical condition and treatment, the Court is not sealing this Order because of the public's right to know the basis for a Court's decision to terminate a defendant's supervised release, including the general reasons for that decision.

fact with respect to each § 3553(a) factor; instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (alterations omitted) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)).

Having carefully considered the statutory factors, the Court in its discretion concludes that early termination is warranted. First, other than the issue regarding his use of medical marijuana as lawfully prescribed by his doctor under New York State law for his significant medical issues, the defendant has been fully compliant with his conditions of supervision for almost two years. Second, he has actively participated in both mental health and substance abuse treatment, including attending counseling on a weekly basis at the VA hospital and Narcotics Anonymous meetings three to four times per week. These factors, combined with the totality of the circumstances outlined in defense counsel's letter, warrant early termination given the absence of any other factors militating against such termination at this time.

Accordingly, the defendant's motion for early termination of supervised release is granted and his supervised release is terminated.

SO ORDERED.

s/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(sitting by designation)

Dated:   May 23, 2019
         Central Islip, New York